**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING DIVISION**

**DIANA MEY,**

**Plaintiff,**

**v.**

**Civil Action No. 5:23-cv-331**
**Judge John Preston Bailey**
**Magistrate Judge James P. Mazzone**

**ALLSTATE INSURANCE COMPANY,**

**Defendant.**

---

**DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER**

Defendant Allstate Insurance Company ("Allstate") states as follows for its Answer and Affirmative Defenses to the Complaint of Plaintiff Diana Mey ("Plaintiff"):

**PARTIES**

1. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 and therefore denies same.

2. In response to Paragraph 2, Allstate admits that its principal place of business is located in Illinois and denies the remaining allegations of Paragraph 2.

**JURISDICTION AND VENUE**

3. The allegations in Paragraph 3 assert legal conclusions to which no response is required and are otherwise moot as the West Virginia venue statute, W. Va. Code § 56-1-1, does not apply in federal court.

4. The allegations in Paragraph 4 assert legal conclusions to which no response is required; to the extent a response is required, Allstate denies the allegations of Paragraph 4.

5. The allegations in Paragraph 5 assert legal conclusions to which no response is required and are otherwise moot as W. Va. Code § 51-2-2 does not apply in federal court.

**THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")**

6. The allegations in Paragraph 6 assert legal conclusions to which no response is required; to the extent a response is required, Allstate states that the statue speaks for itself.

7. The allegations in Paragraph 7 assert legal conclusions to which no response is required; to the extent a response is required, Allstate states that the statue speaks for itself.

8. The allegations in Paragraph 8 assert legal conclusions to which no response is required; to the extent a response is required, Allstate states that the statue speaks for itself.

9. The allegations in Paragraph 9 assert legal conclusions to which no response is required; to the extent a response is required, Allstate states that the statue speaks for itself.

10. The allegations in Paragraph 10 assert legal conclusions to which no response is required; to the extent a response is required, Allstate states that the statue speaks for itself.

**Factual Allegations Concerning Allstate**

11. Allstate denies the allegations in Paragraph 11.

12. Allstate denies the allegations in Paragraph 12.

13. In response to Paragraph 13, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 13 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the term "operations" as contained in this allegation is vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 13 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. Further, the

allegations of Paragraph 13 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 13.

14. In response to Paragraph 14, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 14 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the term "standards" as contained in this allegation is vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 14 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. Further, the allegations of Paragraph 14 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 14.

15. In response to Paragraph 15, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 15 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the term "standards" as contained in this allegation is vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 15 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. Further, the allegations of Paragraph 15 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 15.

16. In response to Paragraph 16, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 16 are not limited to

specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the term "standards" as contained in this allegation is vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 16 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. Further, the allegations of Paragraph 16 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 16.

17. In response to Paragraph 17, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 17 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the term "standards" as contained in this allegation is vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 17 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. Further, the allegations of Paragraph 17 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 17.

18. In response to Paragraph 18, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 18 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the term "standards" as contained in this allegation is vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 18 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. Further, the

allegations of Paragraph 18 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 18.

19. In response to Paragraph 19, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 19 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the term "standards" as contained in this allegation is vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 19 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. Further, the allegations of Paragraph 19 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 19.

20. In response to Paragraph 20, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 20 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the term "standards" as contained in this allegation is vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 20 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. Further, the allegations of Paragraph 20 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 20.

21. In response to Paragraph 21, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 21 are not limited to

specific agencies nor do they contain a temporal limitation. For these reasons, the allegations of Paragraph 21 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. To the extent a response may be required, Allstate admits that Allstate agents may, at their own cost and pursuant to the limitations and prohibitions in their contract with Allstate, engage in marketing for the sale of Allstate insurance products. Except as expressly so admitted, the allegations set forth in this paragraph are denied.

22. The allegations of Paragraph 22 state legal conclusions to which no response is required. To the extent a response may be required, Allstate admits that it authorizes agents to work with approved third-party vendors. Except as expressly so admitted, the allegations set forth in this paragraph are denied.

23. The allegations of Paragraph 23 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 23.

24. The allegations of Paragraph 24 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 24.

25. The allegations of Paragraph 25 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 25.

26. In response to Paragraph 26, Allstate states that it has thousands of agencies and that the allegations in Paragraph 26 are not limited to specific agencies nor do they contain a temporal limitation. For these reasons, the allegations of Paragraph 26 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. To the extent a response

may be required, Allstate admits that it held meetings with Allstate agencies and that, during certain meetings with certain Allstate agencies, the topic of third-party vendors was discussed. Except as expressly so admitted, the allegations set forth in this paragraph are denied.

27. In response to Paragraph 27, Allstate states that it has thousands of agencies and that the allegations in Paragraph 27 are not limited to specific agencies nor do they contain a temporal limitation. For these reasons, the allegations of Paragraph 27 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. To the extent a response may be required, Allstate admits that Allstate and certain Allstate agents have on occasion met with third-party vendors regarding marketing. Except as expressly so admitted, the allegations set forth in this paragraph are denied.

28. The allegations of Paragraph 28 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 28.

29. In response to Paragraph 29, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 29 are not limited to specific agencies nor do they contain a temporal limitation. Allstate lacks knowledge or information at this time sufficient to form belief as to the truth of the allegations contained in Paragraph 29 and, on that basis, denies the allegations contained therein.

30. In response to Paragraph 30, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 30 are not limited to specific agencies nor do they contain a temporal limitation.

31. In response to Paragraph 31, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 31 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the terms "interim changes" and "specifications" as contained in this allegation are vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 31 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. To the extent a response may be required, Allstate denies the allegations of Paragraph 31.

32. In response to Paragraph 32, Allstate states that Allstate agencies are independent contractors, and Allstate cannot respond on behalf of the agencies. Allstate further responds that Allstate has thousands of agencies and that the allegations in Paragraph 32 are not limited to specific agencies nor do they contain a temporal limitation. Additionally, Allstate responds that the terms "various" and "specifications" as contained in this allegation are vague and ambiguous and susceptible to multiple interpretations. For these reasons, the allegations of Paragraph 32 are too vague and indefinite to permit a response, and Allstate cannot admit or deny the allegations. To the extent a response may be required, Allstate denies the allegations of Paragraph 32.

33. The allegations of Paragraph 33 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 33.

34. The allegations of Paragraph 34 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 34.

35. The allegations of Paragraph 35 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 28.

36. The allegations of Paragraph 36 state legal conclusions to which no response is required. To the extent a response may be required, the *Gebka* case speaks for itself.

37. The allegations of Paragraph 37 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 37.

**Factual Allegations Concerning May**

38. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38 and therefore denies same.

39. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39 and therefore denies same.

40. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 and therefore denies same.

41. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 and therefore denies same.

42. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 and therefore denies same.

43. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 43 and therefore denies same.

44. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44 and therefore denies same.

45. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45 and therefore denies same.

46. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46 and therefore denies same.

47. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47 and therefore denies same.

48. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48 and therefore denies same.

49. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49 and therefore denies same.

50. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50 and therefore denies same.

51. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 51 and therefore denies same.

52. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52 and therefore denies same.

53. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53 and therefore denies same.

54. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54 and therefore denies same.

55. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55 and therefore denies same.

56. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56 and therefore denies same.

57. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57 and therefore denies same.

58. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58 and therefore denies same.

59. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59 and therefore denies same.

60. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60 and therefore denies same.

61. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61 and therefore denies same.

62. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62 and therefore denies same.

63. Allstate lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63 and therefore denies same.

64. Allstate denies the allegations of Paragraph 64.

65. Allstate denies the allegations of Paragraph 65.

66. Allstate denies the allegations of Paragraph 66.

67. Allstate denies the allegations of Paragraph 67.

68. Allstate denies the allegations of Paragraph 68.

**COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")**

69. Allstate incorporates its denials and responses to Paragraphs 1 through 68.

70. The allegations of Paragraph 70 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 70.

71. The allegations of Paragraph 71 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 71.

72. The allegations of Paragraph 72 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 72.

73. The allegations of Paragraph 73 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 73.

74. The allegations of Paragraph 74 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 74.

75. The allegations of Paragraph 75 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 75 and denies that Plaintiff is entitled to the relief sought.

76. The allegations of Paragraph 76 state legal conclusions to which no response is required. To the extent a response may be required, Allstate denies the allegations of Paragraph 76.

77. Allstate denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" clause of the Complaint.

78. Allstate denies all allegations not expressly admitted.

**AFFIRMATIVE DEFENSES**

79. The Complaint fails to state a claim upon which relief can be granted.

80. Plaintiff's claims are barred in whole or in part because, upon information and belief, Plaintiff, someone acting on Plaintiff's behalf, or another authorized party consented to receive the alleged phone calls within the meaning of the TCPA.

81. Plaintiff's claims are barred in whole or in part because, upon information and belief, Plaintiff misrepresented her interest in, and eligibility for, certain insurance-related products and services in connection with the alleged phone calls; Allstate reasonably relied on her misrepresentations to its detriment; and, therefore, Plaintiff's claims are estopped.

82. Plaintiff's claims are barred in whole or in part because, as applied to this case, the TCPA is unconstitutionally vague and their application to Allstate would violate the due process provisions of the Fifth Amendment and Fourteenth Amendment of the Constitution of the United States.

83. The statutory-damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the Due Process Clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff.

84. Plaintiff's claims are or may be barred in whole or in part by one or more prior settlement or release agreements, including one or more class action settlements.

85. Allstate reserves the right to assert additional affirmative defenses that it discovers during the course of discovery or otherwise.

**WHEREFORE**, having fully answered, Defendant Allstate Insurance Company requests that this Court dismiss Plaintiff's Complaint against it with prejudice and that it be awarded its reasonable costs and attorneys' fees and such other relief in law or in equity as the Court deems appropriate.

Respectfully submitted,

/s/ Joseph K. Merical
Joseph K. Merical (WVSB 11646)
DINSMORE & SHOHL, LLP
191 West Nationwide Blvd., Suite 200
Columbus, Ohio 43215
Phone: (614) 628-6880
Fax: (614) 628-6890
joseph.merical@dinsmore.com
*Counsel for Defendant Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 27, 2023, I served the foregoing via United States mail, postage prepaid, to the following non-CM/ECF participant:

Diana L. Mey
14 Applewood Drive
Wheeling, WV 26003
*Plaintiff Pro Se*

/s/ Joseph K. Merical
Joseph K. Merical (WVSB 11646)